**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Edwin Moore,

              Plaintiff,

v.

The Prudential Insurance Company of
America,

              Defendant.

No. 26-cv-1573 (JWB/DLM)


**PRETRIAL SCHEDULING
ORDER (ERISA)**

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3 or sua sponte by the Court.

This Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines. The parties are expected to work cooperatively throughout this litigation to narrow the issues in dispute, to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes, and to keep the Court timely informed of developments in the case that could significantly affect the case management schedule.[1]

---

[1] Parties who agree to seek a modification of this Scheduling Order may file a joint motion with the proposed order to the Court.

## SETTLEMENT DISCUSSIONS

On **September 1, 2026**, the parties must send a joint Settlement Status Report to Micko_Chambers@mnd.uscourts.gov. Counsel for the parties must engage in meaningful settlement discussions beginning at least 28 days prior to this date. The Report should be short—about two or three pages and single spaced. The Report must include a response to these questions:

1. Does any party request a settlement <u>status</u> conference with the Court? If any party requests a settlement status conference, the Court will set one to discuss the questions raised in paragraphs 2-5 below. The settlement status conference will be audio-only by Zoom for Government.

2. What is the history of negotiations to date, including the demands and corresponding responses to the demands, up to the date of the Report? When was each party's current settlement position related to the other side?

3. Do the parties agree on the potential exposure in the case? If so, what is it? If the parties do not agree, please explain how each side views the potential exposure in the case.

4. Do the parties agree as to the applicable standard of review? If so, what is it? If the parties do not agree, set forth each side's position and the basis for that position.

5. Do the parties believe the Court should set a settlement conference for this matter? If so, please provide your proposed timing. (Absent a request to the

contrary, the settlement conference would be limited to 4 hours and take place by Zoom for Government.)

In addition, on September 1, 2026, each party may send an ex parte email limited to settlement to Micko_Chambers@mnd.uscourts.gov containing answers to the following questions:

1. In your view, what are the obstacles to settlement and how can these obstacles be overcome?

2. What additional information, if any, would you like the Court to know about your settlement position?

## SETTLEMENT CONFERENCE

The Court may sua sponte schedule status conferences or settlement conferences to explore options for alternative dispute resolution. In addition, the Court will in its discretion consider joint or *ex parte* requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling. Such requests shall be submitted by email to Micko_Chambers@mnd.uscourts.gov. The Court will treat *ex parte* requests as confidential unless otherwise advised.

## DISCOVERY SCHEDULE/LIMITATIONS

The parties agree that Defendant will provide Plaintiff with a complete copy of its administrative record relating to Plaintiff's claim for benefits. Plaintiff will review the administrative record and verify that it is fully complete and contains all materials

submitted by the Plaintiff in support of payment of long term disability benefits. When the parties have agreed as to the content of the administrative record, the parties will stipulate that the administrative record shall constitute the factual record on which cross-motions for summary judgment will then be prepared, filed, and argued. Defendant will provide a complete administrative record by **July 31, 2026**. Plaintiff will review and verify the completeness of the administrative record by **August 7, 2026**. By **August 7, 2026**, the parties will stipulate that the administrative record shall constitute the factual record. The stipulation need not be filed on CM/ECF.

Discovery is allowed in ERISA disability benefit cases only if the parties agree or upon Court Order. If the parties disagree about any additional discovery, they shall meet and confer and contact Magistrate Judge Micko's Courtroom Deputy at micko_chambers@mnd.uscourts.gov to schedule a telephone conference with the Magistrate Judge to take place prior to **August 7, 2026**.

## PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY

The parties have discussed the scope of discovery, including relevance and proportionality and any issues about preserving discoverable information. The parties have also discussed electronic discovery. The parties do not foresee that electronic discovery will be an issue in this case and have represented they will work together to resolve any disputes.

## PRIVILEGE LOG

Unless otherwise ordered, the parties are not obligated to identify on their privilege logs any documents, communications, or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

## NON-DISPOSITIVE MOTION DEADLINES

1. No amendments to the pleadings or motions to join other parties are contemplated. If any such motions are brought, they must be filed and served by **August 14, 2026**. If the non-movant argues futility in opposition to a motion to amend, the movant may file a reply brief in support of the motion to amend within three (3) business days after the opposition is filed.

2. Except as otherwise specifically set forth this section, all non-dispositive motions and supporting documents, including those that relate to fact or expert discovery, shall be filed and served on or before **August 14, 2026**.

## NON-DISPOSITIVE MOTIONS

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1. The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling or emailing Magistrate Judge Micko's Courtroom Deputy at 651-848-1900 or Micko_Chambers@mnd.uscourts.gov prior to filing. Even if the parties agree that a motion

can be submitted on the papers without oral argument, the Courtroom Deputy must be contacted to set the date for submission of the matter to the Court. The matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the notice of hearing informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers in accordance with the dates prescribed by Local Rule 7.1, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. The status of each dispute should be clear to the Court without having to cross-reference multiple exhibits. Your arguments should be precise. To the extent a burden is asserted, support for this position must be included. One suggested approach is set forth below.

| |
|---|
| Insert the actual discovery request |
| Insert the actual response and objections |
| Insert position after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits in order to understand the:

- requests at issue;

- responses and basis for objections;

- parties' positions after their meet and confer sessions;

- legal arguments; and

- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

**<u>INFORMAL DISPUTE RESOLUTION</u>**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. Typically, if

the informal dispute resolution ("IDR") process is used, the matter is not briefed and declarations and sworn affidavits are not filed. Consequently, the matter is not appropriate for appeal to the District Judge or the Eighth Circuit. Therefore, all parties must agree to use the IDR process. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the parties must jointly contact chambers to schedule a telephone hearing. The parties will then be allowed to each email to Micko_Chambers@mnd.uscourts.gov a short letter setting forth the issue(s) to be resolved. If not otherwise specified by the Court, the letter submissions shall be no more than three (3) pages in length and should be served and submitted at least two (2) business days before the telephone conference.

If the parties wish to proceed with IDR in a manner other than that outlined above, they should notify chambers of their specific proposal when they jointly contact chambers to schedule the telephone hearing.

## DISPOSITIVE MOTION

**Judge Jerry W. Blackwell**

All dispositive motions and supporting pleadings shall be scheduled, filed, and served, on or before **March 26, 2027**. All dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1

1. The moving party shall first contact Judge Blackwell's Courtroom Deputy, at Blackwell_chambers@mnd.uscourts.gov to secure a hearing date at least 49 days in the future.

2.    The moving party shall serve and file the following documents <u>on the 49th day</u> before the scheduled hearing: (a) motion; (b) notice of hearing on motion; (c) memorandum of law, (d) affidavits and exhibits, and (e) meet and confer statement. Counsel shall email chambers at blackwell_chambers@mnd.uscourts.gov a proposed order in word format.

3.    The responding party shall serve and file the following documents <u>at least 21 days</u> before the hearing: (a) memorandum of law, and (b) affidavits and exhibits.

4.    The moving party shall serve and file the following documents <u>at least 14 days</u> before the hearing: (a) reply memorandum, or (b) a notice stating that no reply memorandum with be filed. A reply memorandum shall not raise new grounds for relief or present matters that do not relate to the response.

5.    When a motion, response, or reply brief is filed on ECF, one paper courtesy copy of the filing and all supporting documents shall be mailed or delivered to Judge Blackwell's Chambers, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota, 55101, at the same time as the documents are posted on ECF.

## PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly file a proposed Protective Order, prominently identifying (yellow highlighting is suggested) any terms on which the parties disagree. The parties are encouraged to consult the Court's suggested protective order form in preparing a proposed protective order for entry by the Court (***https://www.mnd.uscourts.gov/sites/mnd/files/forms/Stipulation-for-Protective-Order-Form.pdf*** or ***https://www.mnd.uscourts.gov/sites/mnd/files/Forms/Stipulation-for-Protective-Order-Form.docx***). No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that

their Stipulation for Protective Order must be filed in CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and a protective order has not yet been entered, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

## PRIVILEGE/PROTECTION

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

## HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases, effective February 27, 2017, and any amendments to that Local Rule. If a joint

motion regarding continued sealing is filed pursuant to LR 5.6, it must comply with the Local Rule. For example:

(A)   Joint Motion's Contents. The joint motion must list by docket number each document filed under temporary seal in connection with the underlying motion and, for each such document:

(i)   briefly describe the document;

(ii)   explain why the parties agree that the document or information in the document should remain sealed or be unsealed or, if the parties disagree, briefly explain each party's position; and

(iii)   identify any nonparty who has designated the document or information in the document as confidential or proprietary.

(B)   Party to File Joint Motion. Unless the parties agree or the magistrate judge orders otherwise, the party who filed the first document under temporary seal in connection with the underlying motion must file the joint motion.

The Advisory Comments to the Local Rule provide that the "joint motion must be filed using the Joint Motion Regarding Continued Sealing Form, which is available on the court's website." The current form includes a list of example explanations in a footnote. The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal is not a sufficient explanation to justify continued sealing.

See ***https://www.mnd.uscourts.gov/sites/mnd/files/forms/Joint-Motion-Form.pdf***.

DATED:  June 25, 2026

_s/Douglas L. Micko_
DOUGLAS L. MICKO
United States Magistrate Judge